The STATE of Utah, By and Through UTAH STATE DEPARTMENT OF SO-CIAL SERVICES, Plaintiff and Respondent,

v.

John DICK, Defendant and Appellant.

No. 18988.

Supreme Court of Utah.

June 11, 1984.

John E. Harvey, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Sandy Mooy, Deputy Co. Atty., Salt Lake City, for plaintiff and respondent.

PER CURIAM.

The parties raise a single issue in this case: whether the juvenile court or the district court has jurisdiction of an action brought under the Uniform Act on Paterni-ty, U.C.A., 1953, § 78–45a–1 *et seq.*, when the putative father is a minor.

On August 9, 1982, two days before defendant's 16th birthday, a baby was born. The baby's mother was also sixteen years of age. Defendant acknowledges having had sexual relations with the mother approximately nine months prior to the birth of the baby, when defendant was fifteen years of age. The State brought this action in the district court seeking to charge defendant with the costs of the pregnancy and birth, and the support for the baby. Because he is a minor, defendant moved for an order releasing jurisdiction to the juvenile court for determination of the issues. That motion was denied, and defendant filed a petition in this Court for review of the interlocutory order, which petition was granted.

Defendant contends that the juvenile court has exclusive jurisdiction of this matter under U.C.A., 1953, § 78–3a–16, which provides in part:

Except as otherwise provided by law, the [juvenile] court shall have exclusive original jurisdiction in proceedings: (1) Concerning any child who has violated any federal, state, or local law or municipal ordinance.... [Emphasis added.]

Defendant reasons that he is "charged" with violating the Uniform Act on Paternity and the juvenile court therefore has exclusive jurisdiction.

Aside from the fact that a paternity action is civil rather than criminal in nature, and defendant has not been charged with the "violation" of any law, the above-cited statute vests jurisdiction in the juvenile court only where jurisdiction is not otherwise provided by law. Jurisdiction of actions under the Uniform Act on Paternity is lodged in the district court by U.C.A., 1953, § 78–45a–5(1) which provides:

The district court has jurisdiction of an action under this act ....

Jurisdiction is thus lodged in the district court, and the juvenile court has no power to enter an order under the Act. We find no error in the district court order denying

defendant's motion, and the order is affirmed. No costs awarded.